IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GOLIDO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-01236-O |
| | § | |
| WESTERN WORLD INSURANCE GROUP, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Remand and brief in support filed by Plaintiff Golido LLC ("Golido") (ECF Nos. 7-8); the Response and brief and appendix in support filed by Defendant Western World Insurance Group ("WW") (ECF Nos. 12-14); and Golido's Reply and appendix in support (ECF Nos. 15-16). On January 11, 2024, United States District Judge Reed O'Connor referred this motion to the undersigned. ECF No. 17. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 7) and remand the case to the state court from whence it came.

**I.   BACKGROUND**

On October 25, 2023, Golido sued WW in the 236th Judicial District Court of Tarrant County, Texas. ECF No. 1-8. On November 7, 2023, Golido sought to affect personal service on WW through personal service on the Commissioner of Insurance ("Commissioner"). ECF No. 8-1 at 3. On the same day, the Commissioner mailed the lawsuit papers to WW via the United States Postal Service, which completed delivery to it on November 20, 2023. ECF No. 1-1. On December 12, 2023, WW filed its notice of removal. ECF No. 1. The parties now dispute when Golido effected service for purposes of WW's deadline to remove the case to this Court.

## II.   LEGAL STANDARD

To be timely, a defendant must file a notice of removal in a civil action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading[.]" 28 U.S.C. § 1446(b)(1). "The removal statute, 28 U.S.C. § 1441, is 'strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand.'" *Smith v. Lowe's Companies Inc.*, No. 7:23-cv-00030-O, 2023 WL 5165577, at *2 (N.D. Tex. Aug. 11, 2023) (quoting *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)). The removing party bears the burden of showing that removal was proper. *Id.* (citing *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009)). "Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law." *Id.* (internal quotation marks omitted) (quoting *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).

## III.   ANALYSIS

The issue for decision is whether Golido effected service on November 7 (as it argues) or on November 20 (as WW maintains). The parties do not dispute that the Commissioner is WW's agent for service of process, but they disagree as to whether she is a contractually-appointed agent or a statutory agent. If WW contractually appointed her, then the thirty-day period to remove began on November 7, 2023. If she is a statutory agent, then the removal period did not begin until WW actually received process on November 20, 2023. *See, e.g.*, *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process."); *Kurtz v. Harris*, 245 F. Supp. 752, 754 (S.D. Tex. 1965) ("Texas provisions for service of statutory agents do not constitute 'receipt by the defendant,' no matter what

characterizations Texas law confers upon such process."); *Fid. Funding, Inc. v. Pollution Rsch. & Control Corp.*, No.3:98-CV-1691-P, 1999 WL 20955, at *2 (N.D. Tex. Jan. 7, 1999) ("[T]he majority of courts have found that service on the Secretary of State is insufficient to commence the time period for removal under 28 U.S.C. § 1446.") (collecting cases); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (Rev. 4th ed. 2021) ("[S]tatutory agents are not true agents but merely are a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service . . . .").

The parties do not dispute that under the Texas Insurance Code ("Code"), WW is an eligible surplus lines insurer ("ESLI"). ECF Nos. 13 at 12; 15 at 6. An ESLI engaging in the business of insurance in Texas "constitutes the irrevocable appointment of the secretary of state [("Secretary")] by that insurer as agent for service of process arising from the insurer's engaging in the business of insurance in this state[.]" Tex. Ins. Code § 804.106(b)(1) (2024). The Secretary's irrevocable appointment "is in addition to any other method provided by law for service of process on [an ESLI], including the method provided by Subchapter C." *Id.* § 804.106(e). The Code further requires that "[a] policy issued by an [ESLI]. . . must contain a provision stating the substance of this section . . . ." Tex. Ins. Code § 804.106(d).

Under the insurance policy at issue ("the Policy"), WW "appoints the [Commissioner] as its true and lawful attorney for acceptance of service of all legal process issued in this state in any action, suit, or proceeding arising out of this contract of insurance." ECF No. 8-1 at 2. Golido argues that in addition to the Secretary's irrevocable appointment, the Policy "expressly appoints the Commissioner . . . as [WW's] attorney for acceptance of service" ECF Nos. 8 at 3; 15 at 1.

3

WW contends that (1) it was required to appoint the Commissioner as its agent for service of process under the Code, so the Policy language at issue was merely its attempt to comply; (2) the Code provides no "mechanism" for it to appoint its own agent; (3) because it has no registered agent for service of process, it has no "non-statutory" agent for service of process; and (4) even if the Commissioner were WW's non-statutory agent, service of process was improper. ECF No. 13 at 13-14, 17-19, 22-24.

> A. **Both the Commissioner and the Secretary are statutory agents to receive service of process on behalf of an ESLI.**

Under the Code, both the Commissioner and the Secretary are an ESLI's statutory agent for service of process. While the Court has found no Fifth Circuit case defining a statutory agent, the Fourth Circuit provides in useful part:

> A "statutory agent" is "an agent designated by law to receive litigation documents and other legal notices for a nonresident corporation." *Black's Law Dictionary* (10th ed. 2014). An "agency by operation of law" is "an agency that arises under circumstances specified by law without mutual consent between the principal and the agent having been manifested." *Id.* Conversely, a "process agent" or "registered agent" is defined as "a person authorized to accept service of process on behalf of another." [*Id.*]

*Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018).

The Commissioner may receive process for an ESLI. As mentioned above, the Code authorizes service on an ESLI using "the method provided by Subchapter C." Tex. Ins. Code § 804.106(e). Subchapter C provides the framework for completing service on the Commissioner and states that "[s]ervice on the [C]ommissioner acting as agent for service of process is service on the principal." *Id.* §§ 804.201, 804.202. As Golido recognizes, without the Policy language at issue, the Code "allow[s] an alternative method for service in addition to using the Secretary [] as [a] mandated agent[.]" ECF No. 15 at 8. The Commissioner is therefore generally a statutory agent for an ESLI under the Code, and in this case, but for appointment of the Commissioner under the

4

terms of the Policy, the removal period would have begun when WW actually received the lawsuit papers from the Commissioner.

> **B.     Although the Code does not require WW to appoint an agent to receive service of process, WW appointed the Commissioner to do so.**

Golido argues that the Policy made the Commissioner WW's contractually-appointed agent, while WW maintains that it designated WW in the Policy in an "attempt to comply with [Code section] 804.106(d)." ECF Nos. 13 at 19; 15 at 3. Contrary to WW's argument, the Code does not require it to appoint the Commissioner or take any further action to enable service on either the Commissioner or the Secretary. Section 804.106(d) mandates ESLIs to include the "substance of [the] section," but the Policy's language goes beyond merely stating the substance of section 804.106. The "substance" of section 804.106 is that a person can serve an ESLI by serving the Secretary "in addition to any other method provided by law for service of process on [an ESLI], including" service on the Commissioner. Tex. Ins. Code § 804.106. Here, the Policy does not mention the Secretary or her irrevocable appointment as an ESLI's agent for service of process. ECF No. 8-1 at 2. Instead, the Policy "appoints" the Commissioner as its agent for purposes of service. *Id*. Because WW contractually appointed the Commissioner as its agent, the Commissioner is both a statutory agent and a contractually-appointed agent.

WW argues that this finding conflicts with *Elliot*, but that case is distinguishable. ECF No. 13 at 14-16. In *Elliot*, the defendant insurance company adopted a resolution appointing the North Carolina Commissioner of Insurance ("NC Commissioner") as its registered agent under the state's requirement that the company "file an instrument appointing" the NC Commissioner as its agent for service of process. *Elliott*, 883 F.3d, at 390-91. The plaintiff argued that because the NC Commissioner was the defendant's registered agent, it could not also be a statutory agent. *Id*. The Fourth Circuit rejected this argument since North Carolina law "plainly requires this appointment."

5

*Id*. WW's reliance on *Elliot* is unavailing here. Texas law does not "plainly require" ESLIs like WW to appoint the Commissioner or any other person as an agent for service of process. WW admits as much. *See* ECF No. 13 at 18.

The other cases WW relies on are similarly unpersuasive, as they involved statutes that either explicitly appointed the statutory agent or mandated the defendant to appoint the agent. *See, e.g.*, *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1129-30 (9th Cir. 2019) (Washington law required the insurer to appoint the Washington Insurance Commissioner as its agent, and the Ninth Circuit held that he was the defendant's statutory agent.); *Monterey Mushrooms*, 14 F. Supp. 2d at 991 (The Secretary was the insurer's statutory agent where service was effected under Tex. Civ. Prac. & Rem. Code § 17.044, which provides that under certain circumstances for a nonresident, "[t]he [Secretary] *is* an agent for service of process[.]" (emphasis added)); *Fid. Funding, Inc.*, 1999 WL 20955, at *1 (same); *Kurtz*, 245 F. Supp. at 753 (Chairman of the Highway Commission was the defendant's statutory agent where the Texas long-arm statute provided that a nonresident's acceptance of benefits of highways is equivalent to appointment of the chairman as an agent.) (quoting Tex. Rev. Civ. Stat. art. 2039a); *Graham v. El Paso Cnty.*, No. EP-21-CV-00066-FM, 2021 WL 2792424, at *2 (W.D. Tex. May 3, 2021) (county judge was the defendant's statutory agent where Texas law required that "[i]n a suit against a county, citation *must* be served on the county judge" and the judge was the "only person authorized to accept service under Texas law") (emphasis added); *Abdullah v. Erdner Bros, Inc.*, No. 3:14-CV-01742-VAB, 2015 WL 1190141, at *2 (D. Conn. Mar. 16, 2015) (Connecticut secretary of state was the defendant's statutory agent where the statute required it to appoint a registered agent); *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D.W. Va. 2002) (West Virginia secretary of state was the defendant's statutory agent where West Virginia law "constituted" him as the defendant's agent.

W Va. Code § 31-1-15.); *Barrackman v. Banister*, No. CIV.A. H-06-3622, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007) (Unclear reference to Tex. Civ. Prac. & Rem. Code §§ 17.062, 17.044 that both provide that the agent under the statute is the agent for service of process.).

In each of these cases, the statutory agent can trace its status solely to a statutory mandate. Here, WW appointed the Commissioner as its agent without any statutory requirement that it do so. When an entity appoints an agent to comply with state law, the agent is considered a statutory agent, but not so here where the Code did not require such an appointment. Instead, WW appointed the Commissioner as its agent in the Policy, and the Commissioner performed as WW's agent in promptly accepting and transmitting Golido's process to WW on the same day that she received them. *See Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964). (finding agent's prompt acceptance and transmittal of the summons and complaint "was itself sufficient to validate the agency, even though there was no explicit previous promise on her part to do so"). "As a general rule, service upon an authorized agent satisfies due process by providing the defendant with actual notice of the suit." *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, at 569 (5th Cir. 2007). But the entity sought to be served "must have actually authorized another to accept service of process on the would-be principal's behalf." *Id.* (internal quotation marks omitted). WW did so here. Accordingly, WW contractually-appointed the Commissioner as its agent for service of process under the Policy.

The Commissioner's dual status as both a statutory and contractually-appointed (though not statutorily-mandated) agent for WW raises an ambiguity as to whether the removal period begins on the date of service on the agent or actual receipt by the defendant. Because "any ambiguities are construed against removal," the Court holds that the removing party must remove according to the shorter period—when the agent receives service. *Manguno v. Prudential Prop. &*

7

*Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002). Therefore, the removal period here began when Golido served process on the Commissioner on November 7, 2023.

### C. Texas law does not preclude ESLIs from appointing agents for service.

WW next argues that the Commissioner cannot be its contractually-appointed agent because the Code provides no mechanism for an ESLI to make such an appointment. ECF No. 13 at 13. WW relies in part on two provisions of the Code that require out-of-state insurance companies to appoint an in-state agent for service of process. ECF No. 13 at 7 n.14, 13 n.33; Tex. Ins. Code §§ 804.102(b) (domestic insurance companies with out of state offices), 804.103(b) (foreign insurance companies). But rather than provide a "mechanism" to appoint in-state agents, the Code requires such appointments. *See id*. Just because the Code does not require an ESLI like WW to appoint an in-state agent does not mean that it is impermissible for it to do so. Indeed, section 804.106(e) allows service by "any other method provided by law[.]" Thus, WW did not require specific statutory permission to appoint the Commissioner as its agent for service.

### D. WW's lack of a registered agent does not prevent it from appointing the Commissioner to accept service on its behalf.

The Court notes that WW has not appointed a registered agent for service of process through the Texas Department of Insurance. Agents for Service of Process, TEX. DEP'T OF INS., https://appscenter.tdi.texas.gov/tdireports/p/externalReports# (last accessed February 20, 2024); *see Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (courts may take judicial notice of matters of public record). Moreover, the parties do not dispute that WW is not registered as a Texas entity with the Secretary, and thus has no registered agent on file with her. ECF Nos. 13 at 14; 15 at 8.

Nevertheless, the Constitution does not prohibit service of process on a contractually-appointed agent. *Nat'l Equip. Rental, Ltd.*, 375 U.S. at 315-16. And WW offers no Texas authority

8

holding that parties cannot contractually appoint agents for service of process or showing that ESLIs require statutory authority to appoint an agent for service of process. *Cf. Soc'y of Lloyd's v. Anderson*, No. 3-03-MC-112-D, 2004 WL 905618, at *4 (N.D. Tex. Apr. 27, 2004), *rec. adopted*, No. 3:03-MC-112-D, 2004 WL 1490072 (N.D. Tex. July 1, 2004) (upholding service of process in accordance with contract and applying Texas law); *Aircraft Consultants, Inc. v. Aerocon, Ltda*, No. A-12-CV-864-LY, 2013 WL 11311777, at *4 (W.D. Tex. Jan. 31, 2013) (upholding service of process on a contractually-appointed agent pursuant to an agreement governed by Texas law). Thus, nothing prevented WW from appointing the Commissioner as its agent in the Policy.

### E. Golido properly served WW.

Finally, WW argues that removal was timely because Golido's service of process was invalid and thus, the removal period never began. ECF No. 13 at 23-24. But the record suggests that Golido's service was proper. When a plaintiff effects service through the Commissioner, the Code requires that the server must "leav[e] two copies of the process" with the Commissioner. Tex Ins. Code § 804.201(b)(1). The Return of Service in the file apparently contains a typographical error in which the process server declared first that he delivered one copy, and then later that he delivered two. ECF No. 8-1 at 3. In the appendix to its Reply, Golido provides a supplemental Return of Service reflecting that the process server served two copies. ECF No. 16 at 42. At most, WW raises a factual ambiguity on this point that is unhelpful to its cause. The record reflects that Golido properly served WW. To the extent that there is any question, the Court construes any ambiguity against removal as noted above. *Manguno*, 276 F.3d at 722.

### IV. CONCLUSION

Golido served WW's contractually-appointed agent, the Commissioner, on November 7, 2023. Thus, WW's removal-deadline was December 7, 2023, 30 days after its duly appointed agent

9

for service of process received Golido's lawsuit papers. Because WW did not file its notice of removal until December 12, 2023, it was untimely. Accordingly, Judge O'Connor should **GRANT** Golido's motion (ECF No. 7) and **REMAND** the case to the 236th Judicial District Court of Tarrant County, Texas, where the case began.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 29, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE